|  |  |
|---|---|
| KENNETH W. GUICE,<br><br>      Plaintiff,<br><br>  vs.<br><br>JAMES L. EMERSON, a natural person; et al.,<br><br>      Defendants. | Case No: C 13-2250 SBA<br><br>**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**<br><br>Dkt. 29 |

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

This is a diversity jurisdiction action brought by pro se Plaintiff Kenneth Guice ("Guice") against JLE Investors, Inc. ("JLE") and JLE officers James Emerson, Joseph Emerson and Gonzalo Arjona. Guice alleges two claims for fraud and unfair business practices under California Business and Professions Code § 17200. The parties are presently before the Court on Defendants' Amended Motion to Dismiss or Motion for Summary Judgment Based on Res Judicata, or Alternatively Motion to Transfer Venue. Dkt. 29. Having read and considered the papers filed in connection with this matter and being fully informed, the Court hereby GRANTS Defendants' motion for summary judgment. Defendants' alternative motion to transfer venue is DENIED AS MOOT. The Court, in its discretion, finds this matter suitable for resolution without oral argument. See N.D. Cal. Civ. L.R. 7-1(b).

I.  **BACKGROUND**

    A.  **FACTUAL SUMMARY**

On August 27, 2007, Guice executed a Promissory Note payable to JLE in the principal amount of $238,000 for the purpose of constructing a residence located at 3320 Roya Court, Port Arthur, Texas ("The Property"). Arjona Decl. Ex. 1-A, Dkt. 29-1. The

loan was due within one year and secured by a Deed of Trust on the Property.  Id.  On September 28, 2009, Guice and JLE executed a Modification and Extension Agreement which extended Guice's deadline to repay the loan to March 27, 2010.  Id. Ex. 1-B.  In addition, Guice agreed to release JLE and its agents of any and all liability relating to the Property or the Promissory Note.  Id. ¶ 7.

Guice failed to repay the sums owed under the Promissory Note by the extended deadline.  Thus, on June 30, 2010, JLE filed a breach of contract action against Guice in the District Court of Harris County, Texas, to recover the unpaid balance owed by Guice.  Arjona Decl. at 1-2; Ex. 1-D.[1]  Shortly thereafter, Guice filed a separate lawsuit in the District Court of Jefferson County, Texas, against JLE for fraud and breach of contract, among other claims, in connection with the construction of the Property.  Id. Exs. 1-E, 1-F.  On January 11, 2011, Guice's lawsuit was transferred to Harris County and consolidated with JLE's pending action.  Id. Ex. 1-G.  In March 2011, JLE foreclosed on the Property.  Compl. ¶ 20, Dkt. 1.

On February 24, 2012, the Harris County District Court issued a 20-page ruling granting JLE's motion for summary judgment as to its claims against Guice and the counterclaims filed by Guice against JLE.  Id. Ex. 1-I.  The court found that there was no genuine issue as to any material dispute of fact that the Promissory Note was valid and enforceable, and that Guice had failed to perform his obligation to timely repay the outstanding principal balance of the loan.  Id. at 5-6.  As to Guice's counterclaims, the court found that they were barred by the release of liability set forth in the modification agreement under which he released JLE of any and all liability for claims "related [to] the loans and the properties."  Id. at 11.  There is no indication in the record that Guice appealed that ruling.

---

[1] Two other parties were involved in the Guice action.  Their involvement has no bearing on the instant action.

### B.  PROCEDURAL HISTORY

On May 16, 2013, Guice filed the instant action against Defendants in this Court alleging claims for fraud and unfair business practices in connection with the aforementioned Promissory Note.  Dkt. 1.  The pleadings aver that Defendants fraudulently induced Guice into entering into the loan agreement so that they could later foreclose on the Property.  Id. at 3-4.  Guice alleges that the Court has subject matter jurisdiction based on the diversity of the parties, 28 U.S.C. § 1332.

Defendants now move for summary judgment on the ground that Guice's claims are barred under the doctrine of res judicata by virtue of the final judgment rendered in the Texas litigation.  Alternatively, Defendants seek to transfer venue to Harris County, Texas, pursuant to the forum selection clause contained in the note and modification agreement.  As will be discussed below, the Court finds that Plaintiff's claims are barred by res judicata.

## II.  LEGAL STANDARD

Federal Rule of Civil Procedure 56 provides that a party may move for summary judgment on some or all of the claims or defenses presented in an action.  Fed. R. Civ. P. 56(a)(1).  "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Id.; see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986).  The movant bears the initial burden of demonstrating the basis for the motion and identifying the portions of the pleadings, depositions, answers to interrogatories, affidavits, and admissions on file that establish the absence of a triable issue of material fact.  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Fed. R. Civ. P. 56(c)(1)(A) (requiring citation to "particular parts of materials in the record").  If the moving party meets this initial burden, the burden then shifts to the non-moving party to present specific facts showing that there is a genuine issue for trial.  See Celotex, 477 U.S. at 324; Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986).

"On a motion for summary judgment, 'facts must be viewed in the light most favorable to the nonmoving party only if there is a 'genuine' dispute as to those facts.'" Ricci v. DeStefano, 557 U.S. 557, 586 (2009) (quoting in part Scott v. Harris, 550 U.S. 372, 380 (2007)). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Anderson, 477 U.S. at 248. A factual dispute is genuine if it "properly can be resolved in favor of either party." Id. at 250. Accordingly, a genuine issue for trial exists if the non-movant presents evidence from which a reasonable jury, viewing the evidence in the light most favorable to that party, could resolve the material issue in his or her favor. Id. "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Id. at 249-50 (internal citations omitted). Only admissible evidence may be considered in ruling on a motion for summary judgment. Orr v. Bank of Am., 285 F.3d 764, 773 (9th Cir. 2002).

## III.  DISCUSSION

"[A] federal court sitting in diversity must apply the res judicata law of the state in which it sits." Costantini v. Trans World Airlines, 681 F.2d 1199, 1201 (9th Cir. 1982).[2] "California, as most states, recognizes that the doctrine of res judicata will bar not only those claims actually litigated in a prior proceeding, but also claims that could have been litigated." Palomar Mobilehome Park Ass'n v. City of San Marcos, 989 F.2d 362, 364 (9th Cir. 1993). Res judicata serves "the dual purpose of protecting litigants from the burden of relitigating an identical issue with the same party or his privy and of promoting judicial economy by preventing needless litigation." Parklane Hosiery Co. v. Shore, 439 U.S. 322, 326 (1979).

---

[2] In their motion, Defendants contend that Texas law applies based on the choice of law clause in the modification agreement which provides that the agreement is to be construed in accordance with Texas and federal law. Defs.' Mot. at 4. However, the Court is not construing the agreement, but is assessing whether the action is barred by res judicata. As noted, federal law directs the Court to apply the law of res judicata of the forum state, California.

Under California law, a claim is barred by res judicata if three requirements are met: "(1) the second lawsuit must involve the same 'cause of action' as the first one, (2) there must have been a final judgment on the merits in the first lawsuit and (3) the party to be precluded must itself have been a party, or in privity with a party, to that first lawsuit." San Diego Police Officers' Ass'n v. San Diego City Employees' Retirement Sys., 568 F.3d 725, 734 (9th Cir. 2009) (quoting Le Parc Cmty. Ass'n v. Workers' Comp. Appeals Bd., 110 Cal.App.4th 1161 (2003)).

California applies the primary rights doctrine to ascertain whether the prior and present actions involve the same cause of action. Manufactured Home Cmtys. v. City of San Jose, 420 F.3d 1022, 1031 (9th Cir. 2005) ("MHC"). The primary rights doctrine provides that "all claims based on the same cause of action must be decided in a single suit; if not brought initially, they may not be raised at a later date." Mycogen Corp. v. Monsanto Co., 28 Cal.4th 888, 897 (2002). "A 'cause of action' is comprised of a 'primary right' of the plaintiff, a corresponding 'primary duty' of the defendant, and a wrongful act by the defendant constituting a breach of that duty." Id. at 904 (internal quotation and alterations omitted). "[U]nder the primary rights theory, the determinative factor is the harm suffered." Boeken v. Philip Morris USA, Inc., 48 Cal.4th 788, 798 (2010). "If an action involves the same injury to the plaintiff and the same wrong by the defendant, then the same primary right is at stake even if in the second suit the plaintiff pleads different theories of recovery, seeks different forms of relief and/or adds new facts supporting recovery." Eichman v. Fotomat Corp., 147 Cal.App.3d 1170, 1174 (1983) (internal citations omitted).

Here, there can be no legitimate dispute that this and the prior Texas litigation arise out of the same primary right. In the Texas action, Guice and JLE's claims against each other were grounded on rights set forth in the Promissory Note. Likewise, this action arises from the Promissory Note and again challenges JLE's rights thereunder. In his opposition, Guice argues that the claims are different, in that the Texas litigation was based on contractual rights, whereas this action focuses on Defendants' tortious conduct which

induced him to enter into the Promissory Note so that they could later foreclose on the Property. Pl.'s Opp'n at 4-5. For purposes of the primary rights doctrine, that distinction is inapposite. See MHC, 420 F.3d at 1032 ("Different theories of recovery are not separate primary rights."). The core harm underlying both actions derives from JLE's enforcement of its rights under the Promissory Note; i.e., demanding payment of the unpaid balance owed under the note and foreclosing on the Property. To the extent that Guice believed that the Promissory Note was unenforceable based on fraud in the inducement, he could easily have raised such a claim in the Texas litigation. Having failed present such a claim, Plaintiff is barred from doing so in this action.[3]

As for the remaining elements required for res judicata, they too are satisfied. Guice does not dispute that the Texas state court's summary judgment order constitutes a final judgment on the merits. Nor does he dispute that the same parties or privies are involved. Both Guice and JLE are parties in this as well as the Texas action. Although this action also includes three individual defendants (James Emerson, Joseph Emerson and Gonzalo Arjona), the record confirms that they are officers of JLE. See Arjona Decl. at 1. The individual defendants' close relationship with JLE is sufficient for purposes of res judicata. See Adams v. Cal. Dep't of Health Servs., 487 F.3d 684, 691-92 (9th Cir. 2007) (holding that agents and employees of the defendant in the first action were in privity with that defendant for purposes of res judicata).

## IV. CONCLUSION

The Court finds that all of the requisite elements for application of res judicata have been established by Defendants. Accordingly,

IT IS HEREBY ORDERED THAT Defendants' motion for summary judgment is GRANTED. Defendants' alternative motion to transfer venue is DENIED AS MOOT. The Clerk shall close the file and terminate all pending deadlines.

---

[3] The Texas court concluded that any action by Guice on the Promissory Note had been waived pursuant to the terms of the modification agreement. Under the principles of res judicata, that determination also is binding on this Court.

IT IS SO ORDERED.

Dated: April 21, 2014

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge